UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL WEIGANDT,

        Plaintiff,        Case No. 20-11503

v.        Honorable Thomas L. Ludington

SERGEANT WOODCOCK,
OFFICER DOUG STACER,
OFFICER KLEBEAR NORTHRUP,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO STAY IN PART**

On June 9, 2020, Plaintiff Michael Weigandt filed a complaint against Defendants Sergeant Woodcock, Officer Doug Stacer, and Officer Klebear Northrup alleging that on January 16, 2020, Defendants used excessive force to effectuate Plaintiff's arrest. ECF No. 1. The underlying criminal case against Plaintiff remains pending in the Saginaw County Circuit Court. ECF No. 14 at PageID.61. Defendants answered the Complaint on July 20, 2020. ECF No. 10. On July 31, 2020, this Court entered the Case Management and Scheduling Order, which included a discovery cutoff of March 11, 2021. ECF No. 13. On December 17, 2020, Plaintiff moved to stay the litigation pending the outcome of his criminal case given the frustration of discovery. ECF No. 14. For example, Plaintiff states that his deposition would "not be fruitful at this juncture as he will refuse to answer any questions regarding the incident based on his Fifth Amendment right." *Id.* at PageID.62. Defendants concur in the motion. *Id.* at PageID.64.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir.1977)). "Civil and criminal actions may be brought either simultaneously or successively and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *S.E.C. v. Novaferon Labs, Inc.*, 941 F.2d 1210 (6th Cir. 1991). In deciding whether to stay civil proceedings in light of a criminal investigation, district courts ordinarily consider:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). These factors are particularly salient where the same individual is the defendant in parallel criminal and civil proceedings. This is not such a case. Here, Plaintiff, the criminal defendant, chose to file a civil suit while his criminal case was still pending. Accordingly, any difficulty suffered by Plaintiff as a result of the parallel proceedings is self-inflicted.[1] Nonetheless, this Court and the public have a strong interest in expeditious proceedings. Based on the parties' representations, a temporary stay would facilitate more fruitful

---

[1] Furthermore, "the concern for a party's unimpeded ability to remain silent does not mean courts should turn a blind eye to the predicament that silence may create for an opposing party in a civil case." *Serafino v. Hasbro, Inc.*, 893 F. Supp. 104, 107 (D. Mass. 1995), *aff'd*, 82 F.3d 515 (1st Cir. 1996). "On the contrary, when a plaintiff invokes the privilege against self-incrimination to refuse answering relevant and necessary questions during deposition, it is within the court's discretion to dismiss the plaintiff's claims." *Id.* (collecting cases).

- 3 -

discovery. Accordingly, Plaintiff's motion will be granted in part and the case will be stayed for 30 days.

      Accordingly, it is **ORDERED** Plaintiff's Motion to Stay, ECF No. 14, is **GRANTED IN PART**. The case is stayed for **30 days.**

Dated: January 5, 2021                           s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge